UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE ISEQUIEL GARCIA,<br><br>Petitioner,<br><br>v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent. | No. 2:16-cv-1419 TLN GGH<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus pursuant to 28 U.S.C. section 2254. He challenges multiple state court appellate rulings denying application of California's Three Strikes Reform Act of 2012 ["Prop. 36]. ECF No. 1.

*INTRODUCTION AND BACKGROUND*

Petitioner was convicted of two counts of felon in possession of a firearm, felon in possession of ammunition, and possession of drug paraphernalia with two prior strike allegations in 2012, ECF No. 11, Lod. Doc. 1, for which the trial court sentenced him to two concurrent terms of 25 years to life in state prison. Id. at 2, 3. Petitioner appealed the conviction on it is merits and his appeal was denied on November 26, 2012. Id., Lod. Doc. 2.

////

1

1       Beginning in 2013 petitioner began to litigate the applicability of Proposition 36 as a means to reduce his sentences. On October 28, 2013 the Yuba County Superior Court rejected petitioner's appeal for resentencing. Id. at Lod. Doc. 4. On October 29, 2013 the Appellate Court agreed, Id. at Lod. Doc. 5, as did the California Supreme Court on March 11, 2015. Petitioner's appeal was denied by the Appellate Court on November 26, 2012, id. at Lod. Doc. 2, and the California Supreme Court on on April 15, 2015. Id. at Lod. Doc. No. 7. A Petition for Writ of Certiorari was denied by the United States Supreme Court on June 2, 2015. April 4, 2016. Id. at Lod. Doc. 9. Petitioner also sought habeas corpus relief from the Yuba County Superior Court, which denied his petition on April 7, 2014.

      Petitioner now seeks a writ of habeas corpus from this court applying the terms of Proposition 36 to his sentence through a Petition filed June 23, 2016 in which he challenges the California state courts' findings that he is ineligible for resentencing under Proposition 36. He raises two basic grounds for his contention by referencing his petition to the Appellate Court and the Appellate Court's denial: (1) the trial court's determination he was ineligible for resentencing should fail because the State did not plead or prove the required eligibility factor in the underlying case; and (2) he is entitled to automatic nondiscretionary resentencing under the Proposition because his conviction was not final by the effective date of the enactment for which he relies on a State rule of retroactivity.

      Respondent has moved to dismiss the Petition on the grounds that it fails to state a claim because a challenge to state court sentencing laws is not cognizable on federal habeas review. While this is true in the vast majority of cases, it is not accurate to assert that state sentencing issues can *never* be a subject for federal habeas corpus.

*DISCUSSION*

      A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083,1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is unavailable for alleged error in the interpretation or application of state law. Middleton, supra, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v.

Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986). Habeas corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377 (1972).

The Supreme Court has repeatedly iterated the standards of review for a federal habeas court. In Estelle v. McGuire, the Supreme Court reversed the decision of the Court of Appeals for the Ninth Circuit, which had granted federal habeas relief. The Court held that the Ninth Circuit erred in concluding that certain evidence was incorrectly admitted under state law since "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." 502 U.S. 62, 67-68 (1991). The Court emphasized that "federal habeas corpus relief does not lie for error in state law." Id. at 67; see also Pulley v. Harris, 465 U.S. 37, 41 (1984) (federal courts may not grant habeas relief where the sole ground presented involves a perceived error of state law, unless said error is so egregious as to amount to a violation of the Due Process or Equal Protection clauses of the Fourteenth Amendment). The Supreme Court further noted in Estelle that the standard of review for a federal habeas court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States (citations omitted)." Id. at 67. To state a cognizable federal habeas claim based on an alleged error in state sentencing, a petitioner must show that the error was "so arbitrary or capricious as to constitute an independent due process" violation. Richmond v. Lewis, 506 U.S. 40, 50 (1992).8. Petitioner has not done so here.

The Estelle Court also stated that in order for error in the state trial proceedings to reach the level of a due process violation, the error had to be one involving "fundamental fairness," Id. at 73, and that the court has "defined the category of infractions that violate 'fundamental fairness' very narrowly." Id. at 73. The facts of petitioner's complaint does not meet that threshold.

Applying these principles in federal habeas proceedings, the Ninth Circuit Court of Appeals has specifically refused to consider alleged errors in the application of state sentencing law. See, e .g., Miller v. Vasquez, 868 F.2d 1116 (9th Cir.1989). In Miller, the court refused to examine the state court's determination that a defendant's prior conviction was for a "serious felony" within the meaning of the state statutes governing sentence enhancements. Id. at

3

1118–19. The court did not reach the merits of the petitioner's claim, stating that federal habeas relief is not available for alleged errors in interpreting and applying state law. Id. *quoting* Middleton, supra, 768 F.2d at 1085.

Because the state courts have determined that petitioner was ineligible for resentencing, no further analysis is required. See Hawkins v. Soto, 2015 WL 631957, at *3 (C.D.Cal. Feb.12, 2015) (finding that discretionary factors in section 1170.126 do not come into play where offense is a violent one). Federal courts in California are bound by the state courts' conclusion that petitioner is precluded from relief under section 1170.126. Id., *citing* Bradshaw v. Richey, 546 U.S. 74, 76, 126 S.Ct. 602, 163 L.Ed.2d 407 (2005).

Petitioner has failed to demonstrate there was anything arbitrary, capricious or fundamentally unfair in the state courts' finding that his conviction for felon in possession of a firearm rendered his Three Strikes sentence ineligible for recall.

Petitioner also challenges the use of his "being armed with a firearm" as a sentence aggravating factor since he claims there was no evidence that the "arming" had "a facilitative nexus to the offense." ECF No. 1 at 25. But federal habeas review does not lie for a claim that the state court erroneously allowed or excluded particular evidence according to state evidentiary rules. Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir. 1991). As more recently re-emphasized by the Supreme Court, "'a mere error of state law ... is not a denial of due process.'" Rivera v. Illinois, 556 U.S. 148, 158 (2009) *quoting* Engle v. Isaac, 456 107, 121, n. 21 (1982).

Moreover, the present petition attacks the 2013 decision not to grant petitioner Proposition 36 relief. Petitioner attempts to attack his 2012 previous conviction and sentence with his argument that evidence was erroneously admitted at his trial. Petitioner may only attack one decision at a time in a singular habeas petition. Rules for Section 2254 Proceedings, Rule 2(e).

*CONCLUSION*

For the foregoing reasons the undersigned recommends that the petition be dismissed without prejudice and the matter closed.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 24, 2017

<u>/s/ Gregory G. Hollows</u><br>UNITED STATES MAGISTRATE JUDGE